Judge Marshall
delivered the Opinion of the Court.
Upon the affidavit of the defendant in an action of ejectment, that the lessor of the plaintiff is an infant, and his residence unknown, the Circuit Court might have made a rule upon the plaintiff’s attorney, to show cause why *441 security for costs should not be given. And upon the return of the rule, without cause'shown,,or security offered, the proceedings should be stayed until security is given, or the cause of requiring it-removed. Adams on Ejectment, 135, 317.
Upon an affidavit alleging a lessor ' s infancy, the court gave a rule on the plt’f, to give security, on or before the calling-of the cause at the next term; and none being given, dismissed the action: this was error.
A judgment foi costs against an infant lessor, upon a dismissal of the action, for want' of security for costs — • - held erroneous-.,
In the present case, the rule made upon the filing of the defendant’s affidavit, required, unconditionally, that security for costs should be given, on or before the calling of the cause at the next term, on the ground that it appeared that the lessor was an infant; and no security having been given, nor cause shown against the requisition, at the next term, the suit was dismissed absolutely,., and the costs adjudged directly against the lessor of the plaintiff, who, as the record stands, must be taken.to.be an infant.
We know of no principle or authoritative precedent which authorizes this'proceeding; and the judgment for costs against the lessor, seems, to be particularly inappropriate, not only because he is not the formal plaintiff in the suit, but because -the reason why security might be required from him is that, being an infant, he could not otherwise have been made liable for costs.
Wherefore, the order dismissing the suit, and the judgment for costs, are reversed, and the cause is remanded for further proceedings, not. inconsistent with this opinion.